UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN CLINT DRAPER, | No. 2:16-cv-1917 GEB CKD P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| A. GARCIA, | |
| Defendant. | |

Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. On August 16, 2016, the court screened plaintiff's complaint as the court is required to do under 28 U.S.C. § 1915A. The court found service of process appropriate for defendant Garcia based upon a claim arising under the Eighth Amendment. Defendant Garcia filed his answer on November 17, 2016, and then filed a motion for summary judgment on February 7, 2017. In the motion defendant argues that plaintiff failed to exhaust available administrative remedies prior to filing suit, with respect to his remaining claim. Plaintiff has filed an opposition to the motion and the motion stands submitted to the court for decision.

I. Plaintiff's Allegations

At all relevant times, plaintiff was an inmate housed at the California Medical Facility (CMF) where defendant was employed as a correctional officer. Plaintiff alleges that on April 9,

1

2016, defendant deliberately slammed a door on plaintiff's right leg, ankle, and foot causing serious pain and injuries. After causing plaintiff these injuries, defendant failed to obtain medical attention for plaintiff.

II. Standards

Section 1997(e)(a) of Title 42 of the United States Code provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, . . . until such administrative remedies as are available are exhausted." Administrative procedures generally are exhausted with respect to the California prisoner grievance process once the third level of review is complete. The third level of review constitutes the decision of the Secretary of the California Department of Corrections and Rehabilitation (CDCR). Cal. Code Regs. tit. 15, § 3084.7.

The exhaustion requirement demands "proper" exhaustion. Woodford v. Ngo, 548 U.S. 81, 90-91 (2006). In order to "properly exhaust" administrative remedies the prisoner must generally comply with the prison's procedural rules throughout the administrative process. Jones v. Bock, 218 U.S. 199, 218 (2006).

If undisputed evidence viewed in the light most favorable to the prisoner / plaintiff shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014). If there is at least a genuine issue of material fact as to whether there was exhaustion, the motion for summary judgment must be denied. See Fed. R. Civ P. 56(a).

III. Analysis

The evidence before the court indicates that plaintiff did file a grievance alleging that defendant slammed a door on plaintiff's right leg and foot on April 9, 2016. ECF No. 20-5 at 7-10. However, plaintiff does not allege a denial of access to medical care in the grievance. The grievance was received at the CMF appeals office on April 13, 2016. Id. at 7. The grievance was reviewed and it was determined that the first level of the appeal of the grievance process would be bypassed and the grievance would proceed directly to the second level. Id. The grievance was accepted for review at the second level on April 13. Id. at 8.

1 | In a memorandum dated April 22, 2016, Warden Robert Fox issued the "second level
2 | response." Id. at 22. Warden Fox informed plaintiff that his grievance was "partially granted" in
3 | that his "allegation of staff misconduct" "was referred for a Use of Force Inquiry." Id. Plaintiff
4 | was also informed:

> Allegations of staff misconduct do not limit or restrict the availability of further relief through the inmate grievance process. If you wish to appeal the decision and/or exhaust administrative remedies, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Secretary's/Third Level of Review. Once a decision has been rendered at the Third Level, administrative remedies will be considered exhausted.

Warden Fox's memorandum was sent to plaintiff on May 10, 2016. Id. at 8.

Plaintiff appealed Warden Fox's decision to the third level of review on May 15, 2016. ECF No. 20-4 at 12. In a letter dated July 1, 2016, petitioner was informed that his third level appeal had been rejected because plaintiff did not include a CDCR Form 1858, "Rights and Responsibilities Statement" with his appeal. Id. at 10. Plaintiff was informed that he could not appeal a rejected appeal, but that he "should take the corrective action necessary and resubmit the appeal within the timeframes specified in CCR 3084.6(a) and CCR 3084.8(b)."

In his opposition, plaintiff asserts that defendant ignored plaintiff's request for a "Rights and Responsibilities Statement" on April 9, 2016. ECF No. 25 at 7. He also claims he requested one from the law library that day, but the law library clerk told plaintiff they did not have any. Id. at 2. However, plaintiff fails to point to any evidence indicating that he requested, and was denied, a "Rights and Responsibilities Statement" before he submitted his grievance for review at the third level, or after his grievance was rejected at the third level, so that he could complete the "Statement" and resubmit his grievance.

Under Cal. Code Regs. tit. 15 § 3084.9(i) "any appeal alleging misconduct by a departmental peace officer . . . shall be accompanied by the subsection 3391 Rights and Responsibility Statement" which reads as follows:

> You have the right to make a complaint against a police officer [this includes a departmental peace officer] for any improper police [or peace] officer conduct. California law requires this agency to have a procedure to investigate citizen's [or inmates'/parolees'] complaints. You have a right to a written description of this

3

> procedure. This agency may find after an investigation that there is not enough evidence to warrant action on your complaint; even if that is the case, you have the right to make the complaint and have it investigated if you believe an officer behaved improperly. Citizen [or inmate/parolee] Complaints and any reports or findings relating to complaints must be retained by this agency for at least five years.

The statement must be signed by the inmate filing the appeal acknowledging that he or she is aware of its contents. Cal. Code Regs. tit. 15 § 3391(d).

As indicated above, CDCR's administrative remedies must generally be "properly exhausted" with respect to any claim brought in this court against a CDCR employee concerning conditions of confinement. "Proper" exhaustion generally includes the prisoner / plaintiff's compliance with applicable procedural rules. Plaintiff failed to comply with CDCR rules by failing to submit a "Rights and Responsibilities Statement" with his third level appeal. Even when given a chance to correct this error, plaintiff failed to do so and he does not provide any adequate justification for his failure.

IV. Conclusion

Because there is not a genuine issue of material fact as to whether plaintiff exhausted available administrative remedies with respect to his remaining Eighth Amendment claim against defendant Garcia, defendant Garcia's motion for summary judgment should be granted.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Defendant Garcia's motion for summary judgment (ECF No. 19) be granted; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The

/////

/////

4

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 17, 2017

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

---

drap1917.exh